UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JENKINS,

    Petitioner,                                                Civil Action No. 10-CV-12712

v.                                                           HON. BERNARD A. FRIEDMAN

DEBRA SCUTT,

    Respondent.
_____/

**OPINION AND ORDER CONSTRUING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AS MOTION FOR RECONSIDERATION, DENYING MOTION FOR RECONSIDERATION, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PETITIONER'S "MOTION OF TRAVERSE"**

Petitioner Williams Jenkins filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree felony murder, assault with intent to commit murder, and felony firearm. On March 11, 2011, the court issued an "Opinion and Order Granting Respondent's Motion to Dismiss for Failure to Comply With the Statute of Limitations and Denying Certificate of Appealability." Petitioner has filed a "Motion for Certificate of Appealability." Because the court already has denied a certificate of appealability (COA), the court construes petitioner's motion as requesting reconsideration of that denial. Petitioner also has filed a "Motion to Proceed *In Forma Pauperis*" and a "Motion of Traverse in Answer to Respondent's Untimely Filing of Rule 5 Material."

Motions for reconsideration may be granted when the moving party shows a "palpable defect" by which the court and the parties were misled, the correction of which will result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F.

Supp.2d 872, 874 (E.D. Mich. 2004).

The court declined to issue a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Petitioner's arguments for reconsideration amount to a disagreement with the court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration. *See Meekison v. Ohio Dep't of Rehabilitation and Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the court's decision denying a COA was based upon a palpable defect by which the court was misled.         Petitioner has also filed a "Motion to Proceed *In Forma Pauperis*." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, at *3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although the court held that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith. The court, therefore, grants petitioner's "Motion to Proceed *In Forma Pauperis*."

Finally, petitioner has filed a "Motion of Traverse in Answer to Respondent's Untimely Filing of Rule 5 Material," arguing that respondent failed to comply with the court's order

requiring a responsive pleading and Rule 5 materials to be filed by January 20, 2011. Because respondent's motion to dismiss and Rule 5 materials were filed on that date, petitioner's motion is denied. Accordingly,

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [docket entry 15], which the court has construed as a motion for reconsideration, and petitioner's "Motion of Traverse in Answer to Respondent's Untimely Filing of Rule 5 Material" [docket entry 19] are denied.

IT IS FURTHER ORDERED that petitioner's "Motion to Proceed *In Forma Pauperis*" [docket entry 17] is granted.

S/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 26, 2011
       Detroit, Michigan